UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ETHEL REED,

                Plaintiff,

   v.

NANCY A BERRYHILL, Acting Commissioner of Social Security,

                Defendant.

CASE NO. 3:16-CV-05675-DWC

ORDER ON MOTION FOR ATTORNEY'S FEES

Plaintiff Ethel Reed filed a Motion for Attorney Fees Pursuant to 28 U.S.C. § 2412(D), seeking attorney's fees under the Equal Access to Justice Act ("EAJA"). Dkt. 21. Defendant asserts her position in this matter was substantially justified and requests no fee be awarded. Dkt. 22. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 7.

The Court concludes Defendant's position was not substantially justified. Accordingly, Plaintiff's Motion is granted.

ORDER ON MOTION FOR ATTORNEY'S FEES - 1

## Background and Procedural History

On February 21, 2017, the Court found the ALJ erred by failing to further develop the record before concluding Plaintiff did not meet the requirements of Listing 12.05. Dkt. 18. The Court found the error was harmful, reversed the ALJ's decision, and remanded the case to the Social Security Administration ("Administration") for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). *Id.*

On May 19, 2017, Plaintiff filed the Motion. Dkt. 21. Defendant filed a Response, Dkt. 22, and Plaintiff filed a Reply. Dkt. 23.

## Discussion

In any action brought by or against the United States, the EAJA states "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The government has the burden of proving its positions overall were substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010) (*citing Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995)). Further, if the government disputes the reasonableness of the fee, it also "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted

itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley*, 461 U.S. at 433, 436-37.

I. **Substantially Justified**

In this matter, Plaintiff was the prevailing party because she received a remand of the matter to the administration for further consideration. *See* Dkt. 18, 19. To award a prevailing plaintiff attorney's fees, the EAJA also requires finding the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B).

The Supreme Court has held "substantially justified" means "'justified in substance or in the main' -- that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). A "substantially justified position must have a reasonable basis both in law and fact." *Guiterrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (*citing Pierce*, 487 U.S. at 565; *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995)). The Court "'must focus on two questions: first, whether the government was substantially justified in taking its original action; and second, whether the government was substantially justified in defending the validity of the action in court.'" *Id.* at 1259 (*quoting Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)). Thus, for the government to prevail, it must establish both the ALJ's underlying conduct and its litigation position in defending the ALJ's error were substantially justified. *Id.* "[I]f 'the government's underlying position was not substantially justified,'" the Court must award fees and does not have to address whether the government's litigation position was justified. *Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014) (*quoting Meier v. Colvin,* 727 F.3d 867, 872 (9th Cir. 2013)). The Court notes the Administration does not have to prevail on the merits for the Court to conclude the Administration's position was substantially justified. *See Kali*, 854 F.2d at 334.

Here, the Court concluded the ALJ erred by failing to further develop the record before concluding Plaintiff did not meet the requirements of Listing 12.05. Dkt. 18. At the administrative hearing level, Plaintiff presented evidence she had a learning disorder, which the ALJ ultimately found to be a severe impairment at Step Two of the sequential evaluation. AR 25. Plaintiff also presented evidence she attended special education classes, did not graduate from high school, and was unable to obtain a GED. AR 53, 70, 88-91. Finally, Plaintiff presented a 2005 medical opinion by Dr. Luci Carstens, Ph.D., which recommended Plaintiff undergo IQ testing. AR 383. On this record, the ALJ considered whether Plaintiff satisfied the requirements of Listing 12.05, but concluded Plaintiff did not have "a valid verbal, performance, or full scale IQ of 70 or less." AR 26-27. Notably, the ALJ reached this conclusion based on the absence of any IQ tests in the record, rather than by reference to a valid IQ score greater than 70. As this Court previously explained, the ALJ's failure to develop the record prior to determining whether Plaintiff satisfied the criteria of Listing 12.05 was harmful error and inconsistent with the Ninth Circuit's holding in *Garcia v. Comm'r, Soc. Sec. Admin.*, 768 F.3d 925 (9th Cir. 2014). *See* Dkt. 18.

Defendant argues her position was substantially justified because there was no IQ score in the record and the ALJ did not have a duty to develop the record. *See* Dkt. 22. In *Garcia*, the Ninth Circuit held, when a case turns on whether a claimant has an intellectual disability and relies on IQ scores, an ALJ has a duty to develop the record so that it includes a complete set of IQ test results "[b]ecause the regulations clearly assert the importance of a complete IQ test administration[.]" *Garcia*, 768 F.3d at 932. The ALJ found Plaintiff suffered from a severe impairment of a learning disorder at Step Two. *See* Dkt. 18. At Step Three, the ALJ found Plaintiff's learning disorder did not equal Listing 12.05 because she did not have a valid IQ score

of 70 or below. The record, however, did not contain a complete set of IQ test results. Based on *Garcia*, the ALJ's failure to develop the record to include a complete set of IQ test results prior to finding Plaintiff did not meet Listing 12.05 did not have a reasonable basis in law. Therefore, the ALJ's position was not substantially justified. *See Meier*, 727 F3d at 872 (there is a strong indication the government's position was not substantially justified when the agency's decision is unsupported by substantial evidence); *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998) ("the defense of basic and fundamental errors . . . is difficult to justify"); *Levi v. Colvin*, 2016 WL 1322132, at *2 (E.D. Cal. Apr. 5, 2016) ("when the government violates its own regulations, fails to acknowledge settled circuit case law, or fails to adequately develop the record, its position is not substantially justified").

The Administration has not shown substantial justification for the ALJ's underlying decision. Further, there are no special circumstances which render an EAJA award in this matter unjust. Accordingly, the Court finds Plaintiff is entitled to attorney's fees under the EAJA. *See Meier*, 727 F.3d at 872; *Li v. Keisler*, 505 F.3d 913, 919 (9th Cir. 2007) ("[W]e have consistently held that regardless of the government's conduct in the federal court proceedings, unreasonable agency action at any level entitles the litigant to EAJA fees."); *Tobeler*, 749 F.3d at 834. ("Because the government's *underlying* position was not substantially justified, we award fees, even if the government's *litigation* position may have been justified." (emphasis in original)).

## II.    Reasonableness of Fee

Once the Court determines a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." *Hensley*, 461 U.S. at 429, 433 n.7. Here, Defendant does not challenge the reasonableness of the fee. Further, based on the facts and circumstances of this matter, and the briefing and attorney time sheet, the Court concludes the

| 1 | amount of time incurred by Plaintiff's attorney in this matter is reasonable. *See* Dkt. 21, 21-2, 21-
| 2 | 3, 23, 23-2. Specifically, the Court finds Plaintiff's request for attorney's fees in the amount of
| 3 | $7,321.84, representing 38 hours of work, reasonable. *See* Dkt. 23-2.

**Conclusion**

For the above stated reasons, the Court hereby grants Plaintiff's Motion as follows:

Plaintiff is awarded attorney's fees in the amount of $7,321.84, representing 38 hours of work, pursuant to the EAJA and consistent with *Astrue v. Ratliff*, 560 U.S. 586 (2010).

The Acting Commissioner shall contact the Department of Treasury to determine if the EAJA Award is subject to any offset. If the U.S. Department of the Treasury verifies to the Office of General Counsel that Plaintiff does not owe a debt, the government shall honor Plaintiff's assignment of EAJA Award and pay the EAJA Award directly to Dellert Baird Law Offices, PLLC. If there is an offset, any remainder shall be made payable to Plaintiff, based on the Department of the Treasury's Offset Program and standard practices, and the check shall be mailed to Plaintiff's counsel at Dellert Baird Law Offices, PLLC, P.O. Box 97301, Lakewood, Washington 98497.

Dated this 7th day of July, 2017.

David W. Christel
United States Magistrate Judge